UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TYRONE JACKSON

VERSUS

CTB, INC. d/b/a CHORE-TIME EQUIPMENT

CIVIL ACTION

NO. 04-24-JJB

### RULING ON MOTION FOR NEW TRIAL

Plaintiff, Tyrone Jackson, brings this motion for a new trial under Federal Rule of Civil Procedure 59. (Doc. 156.) Intervenors, Cal-Maine Foods, Inc. and Old Republic Insurance Company, join the motion. (Doc. 155.) Defendant, CTB, Inc., filed an opposition (Doc. 168.) Plaintiff filed a reply. (Doc. 176.) Defendant filed a supplemental opposition. (Doc. 174.) Oral argument with respect to this motion is not necessary. After careful review of the aforementioned documents, the Court DENIES plaintiff's motion for the reasons discussed herein.

### Background

Plaintiff sought recovery from defendant for injuries suffered while performing maintenance work on a cross conveyor unit at an egg production plant. Defendant manufactured the cross conveyor unit. Plaintiff presented evidence in support of three claims under the Louisiana Products Liability Act:[1] (1) design defect, (2) inadequate warning, and (3) inadequate warning about a

---
[1] La. Rev. St. §§ 9:2800.51 et seq.

1

later learned defect. Jury trial began in this matter on August 24, 2009. The jury returned a verdict finding no liability on September 2, 2009.

## Analysis

A district court may grant a Rule 59 motion for a new trial when it finds "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). The Court possesses broad discretion in determining whether a new trial is appropriate. *N. Tex. Producers Ass'n v. Metzger Dairies, Inc.*, 348 F.2d 189, 193 (5th Cir. 1965). However, the authority to grant a new trial must be exercised cautiously because of the deference due to a jury. *See Snipes v. Pure Oil Co.*, 186 F. Supp. 373, 376 (D.C.La. 1960), *aff'd*, 293 F.2d 60 (5th Cir. 1961); *see also Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). Here, plaintiff moves for a new trial for two reasons: (1) the verdict was against the great weight of the evidence, and (2) the verdict resulted from improper, prejudicial and inflammatory trial tactics by defense counsel.[2]

Weight of the Evidence

Plaintiff argues that the answers to the jury interrogatories with respect to the defective design, inadequate warning, and inadequate warning about a later learned defect claims were all against the great weight of the evidence. Courts

---

[2] *See* Pl's Corrected and Supplemental Mem. in Supp. Of Mot. for a New Trial (doc. 156-2) 3, 13.

differ as to the appropriate standard for new trial motions based on the weight of the evidence;[3] however, a new trial is not warranted simply because the Court would have reached a different conclusion. *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998). Furthermore, the Court must consider whether the jury's verdict is against the great, not merely the greater, weight of the evidence. *Scott v. Monsanto*, 868 F.2d 786, 789 (5th Cir. 1989). Although plaintiff's case is compelling, the Court does not find that the jury verdict was against the great weight of the evidence.

Regarding the design defect claim, plaintiff argues that defendant's corporate representative, Mike Krehl, admitted to the defective design of the cross conveyor unit when he stated that defendant "could have done better" in its design in light of the Darla Warner injury. Defendant counters that Mr. Krehl's admission that the cross conveyor unit was dangerous did not amount to an admission of liability. The Court agrees with the defendant. In *Hutchinson v. Urschel Labs., Inc.*, the Eighth Circuit held that a defendant's similar statement did not amount to an admission of liability . 157 F.3d 613, 615 (8th Cir. 1998). In *Hutchison*, a worker in a chicken processing plant was injured when a slicer manufactured by Urschel caught his hand. Urschel's corporate representatives repeatedly admitted that the slicer was dangerous, even stating in a letter to the chicken processing plant that the slicer was "very dangerous." *Id*. However, the

---

[3] *See* 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.13[2][f][iii][B] (3d ed. 2009).

court held that admitting a product is dangerous is not the same thing as admitting that it is "unreasonably dangerous." *Id.* Under Missouri law, plaintiffs must show that the design renders the product unreasonably dangerous. *Compare Nesselrode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371, 377 (Mo. 1986) *with* La. Rev. Stat. 9:2800.54 et seq. (both Missouri and Louisiana products liability law require that a product be unreasonably dangerous to find liability for design defect).

Here, Mr. Krehl's statement, although indicative of a dangerous product, does not necessarily lead to the conclusion that the cross conveyor unit was unreasonably dangerous. The jury heard testimony from a defense expert witness that guarding the cross conveyor unit by location made this product not unreasonably dangerous. The jury was entitled to believe this testimony. *See Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 471 (5th Cir. 1991). Therefore, the jury's answer to interrogatory 1(a) did not amount to a verdict against the great weight of the evidence.

Plaintiff also argues that the jury's finding of no liability on the inadequate warning claim was against the great weight of the evidence. Specifically, plaintiff argues that instead of warning potential users and handlers of its dangerous product, defendant affirmatively concealed those dangers.[4] Defendant counters that plaintiff's admissions that he read and understood the printed warning on the

---

[4] *See* Pl's Corrected and Supplemental Mem. in Supp. Of Mot. for a New Trial (doc. 156-2) 6 (arguing that defendant failed to disclose the Darla Warner accident, failed to disclose the purpose of the update kit or include proper safety documentation, and failed to hire an outside contractor to install the kit).

cover of the cross conveyor unit and that he knew putting his hand near the roller on the day of his accident was dangerous, revealed that he in fact had adequate warning.

Indeed, the jury instructions, tracking the language of the Louisiana Products Liability Act, stated that "a manufacturer is not required to provide an adequate warning about its product when the user or handler of the product already knows or should know of the product's dangerous characteristics and that the product may cause damage." *See* La. Rev. Stat. § 9:2800.57(B)(2). On the witness stand,[5] Mr. Jackson stated that he knew it was dangerous to get his hand caught in pinch points and rollers; that he read the warning label and understood it; and that he knew that putting his hand near the roller on the day of his accident was dangerous. Thus, plaintiff's own testimony, coupled with the language of the statute, persuades the Court that the jury's verdict on the inadequate warning claim was not against the great weight of the evidence.

Lastly, plaintiff argues that no evidence exists in the record to support the jury's answer to interrogatory 3(a). Interrogatory 3(a) asks, "Do you find that after the product left its control, [defendant] either learned of a characteristic of the product that may cause injury or should have learned of such characteristic if [defendant] had acted as a reasonably prudent manufacturer." *See* La. Rev. Stat. § 9:2800.57(C). Plaintiff argues that the Darla Warner accident made

---

[5] The parties disagree about Mr. Jackson's testimony. The Court reviewed the trial audio record to determine what Mr. Jackson said on the witness stand.

defendant aware of the "injury-causing hazard" of the cross conveyor unit.[6] Defendant counters that the Darla Warner accident and defendant's subsequent efforts to make their product safer do not reflect any after acquired knowledge of a defective product.

To the extent that plaintiff argues that the Darla Warner accident proves that the cross conveyor unit was defective, the Court is unpersuaded.  As discussed above, the jury heard evidence regarding plaintiff's design defect claim and found no liability.  The Court refuses to disturb the jury's findings on that claim.  To the extent that plaintiff argues that the Darla Warner accident informed defendant of a defect after the cross conveyor unit left defendant's control, the Darla Warner accident did not inform defendant of anything it did not already know.  The cross conveyor unit was dangerous; however, the jury weighed the evidence and found that it was not unreasonably dangerous.  Plaintiff's injury was of the exact same type as Darla Warner's, and both injuries were of the exact same type as depicted on the warning labels that defendant placed on the product covers, which plaintiff acknowledged reading and understanding.  Because plaintiff's counsel fails to refer the Court to any case allowing recovery under section 9:2800.57(C) when the defendant re-acquires knowledge of a dangerous characteristic about which it is already aware, the Court denies plaintiff's new trial motion under section 9:2800.57(C).  *See, e.g., Owens v.*

---

[6] Pl's Corrected and Supplemental Mem. in Supp. of Mot. for a New Trial (doc. 156-2) 7.

*Rheem Mfg. Co.*, 117 F.3d 1417, 1997 WL 336264, at *2 (5th Cir. 1997) (holding § 9:2800.57(C) applicable to "situations where the manufacturer becomes (or should have become) aware of a hazardous condition *after the product has left its control*") (emphasis in original).  The court noted that section 9:2800.57(A), not section 9:2800.57(C), provides the appropriate cause of action in situations where the manufacturer is aware of a dangerously defective condition at the time the product left the manufacturer's control.)  *Id.*;  *see also Marks v. Ohmeda*, 03-1446 (La. App. 3 Cir. 3/31/04); 871 So.2d 1148, 1155-56 (affirming liability under section 9:2800.57(C) where defendant learned of a *new* danger associated with its product) (emphasis added).  Thus, the Court finds that the great weight of the evidence does not warrant a new trial.

Defense Counsel's Conduct

Plaintiff alleges four instances of defense counsel misconduct and claims that these instances led to prejudicial error sufficient to warrant a new trial.  One instance occurred during cross examination of Robert Lewis.  The remaining three instances occurred during defense counsel's closing argument.  Defendant argues that these four isolated instances, over the course of a five day trial, did not result in an unfair trial.  The Court agrees with defendant.

The first incident occurred when defense counsel asked Mr. Lewis, the manager at the plant where plaintiff's injury occurred, about the results of an internal investigation regarding fault in the accident.  Plaintiff did not bring a

motion in limine regarding admissibility of the investigation results; however, plaintiff's counsel immediately objected and the Court issued an instruction to the jury to disregard the question.  Most motions for a new trial based on allegedly improper questions are denied because the conduct under the circumstances was not prejudicial, not objected to, or because any prejudice was cured by the instructions of the court.  *See* 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2809 (internal citations omitted).  To warrant a new trial when defense counsel engages in improper questioning, the misconduct must be "so pronounced and persistent that it permeates the entire proceeding."  *Winter*, 926 F.2d at 473.  Here, defense counsel asked only one question about the internal investigation.  Defense counsel withdrew the question when the Court sustained plaintiff's objection, and the Court issued a curative instruction.  No reference was made to the internal investigation for the remainder of the trial.  Because defense counsel's questioning about the investigation did not permeate the proceeding, the Court finds that it was not improperly prejudicial.

The second, third, and fourth incidents occurred during defense closing. Initially, defense counsel argued that Mr. Krehl was being "pilloried" for taking steps to address the hazards of the cross conveyor unit in the wake of the Darla Warner accident.  Then, counsel mistakenly alluded to the fact that the cross conveyor unit would likely be taken off the market if the jury found for plaintiff. In fact, the defendant had already taken the product off the market.  Finally,

defense counsel told a story about the foreperson of another jury who took out his wallet to illustrate to the other jurors that sympathy should not be a part of their deliberations. Plaintiff argues that defense counsel's statements were improper appeals for jury sympathy, attempts to introduce facts not in the record, and discussions of irrelevant evidence.

Again, in determining whether improper remarks by counsel impart unfair prejudice to the proceedings, the Court looks to the pervasiveness of the comments and inquires whether the comments "gravely impair[ed] the calm and dispassionate consideration of the case by the jury." *Winter*, 926 F.2d at 473. Here, the Court finds that the three statements were not pervasive because they were spread out over an hour long closing argument. Moreover, plaintiff's counsel did not object to the statements about Mr. Krehl or the cross conveyor being taken off the market. Nor did plaintiff move for mistrial after the sympathy comments. *See id.* ("counsel made a strategic determination not to request a mistrial at the time the improper comments were made, and we will not allow him to challenge the verdict based on those same comments after having had a chance to see the verdict."). Coupled with the Court's curative instructions and the general instruction that attorney's statements were not evidence, the Court finds that defense counsel's remarks did not gravely impair the jury's calm and dispassionate consideration. Consequently, plaintiff is not entitled to new trial.

## **Conclusion**

For the reasons discussed above, plaintiff's Rule 59 Motion for New Trial (doc. 156) is DENIED.

Signed in Baton Rouge, Louisiana, on October 23, 2009.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**